IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Mary Ann Blackmon, et al., | |
| Plaintiff, | |
| | Case No. 1:07-cv-337 |
| v. | |
| | District Judge Susan J. Dlott |
| National African American RVers Association, Inc., | |
| | ORDER GRANTING MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS |
| Defendant, Third Party Plaintiff, | |
| v. | |
| Lamar Dixon Expo Center, | |
| Third Party Defendant. | |

This matter is before the Court on Third Party Defendant's Combined Motion to Dismiss and Motion for Judgment on the Pleadings (doc. 25). For the reasons that follow, the Court will **GRANT** the motion.

I.  BACKGROUND

On April 27, 2007, Plaintiffs Mary Ann Blackmon and James Blackmon initiated this action as a personal injury lawsuit against Defendant National African American RVers Association, Inc. ("NAARVA" or "the Association"). The Blackmons allege that Mary Ann Blackmon suffered personal injuries due to the Association's negligence at an Association trade show held at the Lamar Dixon Expo Center ("the Expo Center"). The Blackmons allege that the Court has subject matter jurisdiction over the case based on diversity of citizenship. In its Amended Answer to the Complaint, the Association denied the Blackmons' allegation that it was

1

incorporated in the State of Ohio, but the Association did not affirmatively state where it was incorporated or had its principal place of business. (Doc. 16 ¶ 2.) On May 15, 2008, the case between the Blackmons and the Association was dismissed with prejudice pursuant to a settlement agreement. (Doc. 18.) However, the Court signed an Agreed Entry on May 20, 2008 granting the Association leave to file a third party complaint. (Doc. 19.)

The Association filed its Third Party Complaint adding the Expo Center as the Third Party Defendant on May 20, 2008. (Doc. 20.) The Association alleges in the Third Party Complaint that the Expo Center is liable to indemnify the Association for any and all liability incurred by the Association in regard to the personal injuries suffered by Mary Ann Blackmon on the Expo Center's premises. The Expo Center filed an Answer to the Third Party Complaint and then filed the instant Combined Motion to Dismiss and Motion for Judgment on the Pleadings. (Docs. 24 and 25.)

## II.   LAW AND ANALYSIS

The Expo Center moves to dismiss on the grounds of lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. The Expo Center moves for judgment on the pleadings in the alternative. The Court finds for the reasons discussed below that it lacks personal jurisdiction over the Expo Center. The Court will not address the Expo Center's other proffered grounds for dismissal or judgment.

A plaintiff, or third party plaintiff, bears the burden of establishing the Court's personal jurisdiction over the defendant, or third party defendant. Intera Corp. v. Henderson, 428 F.3d 605, 615 (6th Cir. 2005); Doebler v. Stadium Prods. Ltd., 91 F.R.D. 211, 213 (W.D. Mich. 1981). In the absence of an evidentiary hearing, a plaintiff need only make a prima facie

2

showing of personal jurisdiction. Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002). A plaintiff can meet this burden by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." Id. (quoting Provident Nat'l Bank v. California Fed. Savings Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987)). In making the prima facie case determination, the Court must view all pleadings and affidavits in a light most favorable to the plaintiff. Id.

In a diversity case, a district court looks to the law of the forum state to determine whether personal jurisdiction exists. Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000). The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements. Id.; see also Brunner v. Hampson, 441 F.3d 457, 465 (6th Cir. 2006). Ohio's long-arm statute, Ohio Rev. Code § 2307.382,[1] does not extend

---

[1] Ohio's long-arm statute provides that:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

> (1) Transacting any business in this state;
> (2) Contracting to supply services or goods in this state;
> (3) Causing tortious injury by an act or omission in this state;
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
> (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.
> (8) Having an interest in, using, or possessing real property in this state;

to the constitutional limits of the Due Process Clause. Goldstein v. Christiansen, 70 Ohio St. 3d 232, 238 n. 1, 638 N.E.2d 541 (Ohio 1994); Calphalon Corp., 228 F.3d at 720. Regarding the Due Process Clause, a defendant must have had "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation and citation omitted).

The Expo Center asserts, and the Court agrees, that the Association has provided no basis for the Court to exercise personal jurisdiction over the Expo Center. First, the Association did not provide any specific response to the Expo Center's dismissal motion on the basis of lack of personal jurisdiction. The Court could infer from the Association's silence that it concedes that the Court lacks personal jurisdiction. At most, the Association offers a general argument that the Court has ancillary jurisdiction over the claims between the Association and the Expo Center if it had jurisdiction over the original claims between the Blackmons and the Association. While the Court might exercise ancillary subject matter jurisdiction over third party claims in appropriate circumstances, the Court must determine independently whether it has personal jurisdiction over a third party defendant. "The cases unanimously hold that a federal court must obtain personal jurisdiction over a third-party defendant before it proceeds to adjudicate a third-party claim." Doebler, 91 F.R.D. at 214 (quoting 6 Wright & Miller, Federal Practice and Procedure § 1445 (1971)); Dist. of Columbia Chamber of Commerce, Inc. v. Universal Bank, No. HAR-87-3267, 1990 WL 159931, at *1 (D. Md. Oct. 17, 1990) (same holding).

---

      (9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

Ohio Rev. Code § 2307.382.

The Association stated no allegations in the Third Amended Complaint to establish personal jurisdiction over the Expo Center in Ohio. The Association provides a service address in the Third Party Complaint for the Expo Center in the state of Louisiana. (Doc. 20.) An insurance certificate attached to the Third Amended Complaint indicates that the Expo Center is located in Gonzales, Louisiana. (Id. Ex. B.) Mary Ann Blackmon was injured on the Expo Center's premises in Louisiana. (Id. ¶ 3.) No other allegations in the Third Party Complaint are relevant to establishing jurisdiction. On the other hand, the Expo Center has submitted an authenticated copy of the rental agreement for the Association to use the Expo Center premises. The agreement is entered into between the Expo Center, a limited liability company located in Gonzales, Louisiana, and the NAARVA Southern Regional Rally, an entity located in New Orleans, Louisiana. (Magee Aff. Ex.)

The Association has not established that the Expo Center transacted any business in Ohio, provided goods or services in Ohio, or caused injury in Ohio. The Court finds that Ohio Rev. Code § 2307.382 is not satisfied. Even if the Ohio long-arm statute were satisfied, the Court finds that it would offend traditional notions of fair play and substantial justice for this Court to exercise personal jurisdiction over the Expo Center, an entity located in Louisiana with no known ties to Ohio, for a personal injury which occurred in Louisiana. In sum, the Association has not established this Court's personal jurisdiction over the Expo Center.

### III. CONCLUSION

For the foregoing reasons, the Court finds that it does not have personal jurisdiction over Third Party Defendant Lamar Dixon Expo Center. The claims against it must be dismissed. Third Party Defendant's Combined Motion to Dismiss and Motion for Judgment on the

5

Pleadings (doc. 25) is **GRANTED**.

IT IS SO ORDERED.

    ___s/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court